149 F.3d 1191
 98 CJ C.A.R. 3237
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Robert Shawn TREFF, Plaintiff-Appellant,
v.
Velta LOTT, officer at the Iron County Correctional
Facility; Jimmie Stewart, Director at the Iron County
Correctional Facility; Brent Wittikiend, Sergeant at the
Iron County Correctional Facility; Gaye Keene, Sergeant at
the Iron County Correctional Facility; Brad Spencer, officer
at the Iron County Correctional Facility; James Mitchell,
officer at the Iron County Correctional Facility; Lee Hulet,
officer at the Iron County Correctional Facility; Kevin
Nitzel, investigator for Utah Department of Corrections; Jay
Lowe Barton, Inmate Placement Program Facility for the Utah
Department of Corrections, individually, and in their
personal and official capacities, Defendants-Appellees.
 No. 97-4110.
 United States Court of Appeals, Tenth Circuit.
 June 18, 1998.
 
 Before SEYMOUR, Chief Judge, BRORBY, and BRISCOE, Circuit Judges.
 
 
 1
 ORDER AND JUDGMENT*
 
 
 2
 BRISCOE, C.J.
 
 
 3
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.
 
 
 4
 Plaintiff Robert Shawn Treff, a Utah state prisoner appearing pro se, appeals the district court's dismissal of his 42 U.S.C. § 1983 civil rights action. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 5
 Treff's complaint alleged he was removed from his regular cell on June 2, 1995, and placed in a special cell on "TRO" status for allegedly committing one or more disciplinary infractions, and that he remained on "TRO" status until the charges were resolved on June 28, 1995. Treff alleged his due process and equal protection rights were violated because his confinement on "TRO" status was unjustified and the disciplinary charges were not resolved in a timely manner. He further alleged his Eighth Amendment right to be free from cruel and unusual punishment was violated because the special cell was "inherently unsafe, unmonitored and punitive in nature," and because he was denied direct sunlight, showers, and yard time on several occasions. He also alleged defendants' actions caused "great emotional stress, loss of his job, loss of schooling, loss of a proper and accurate evaluation for redetermination of his sentence, loss of visitation and equal privileges of similarly situated inmates." Complaint at 11.
 
 
 6
 Although Treff paid the full filing fee, the district court sua sponte dismissed the complaint before it was served on defendants, finding the complaint failed to state a claim upon which relief could be granted. Treff contends on appeal the district court acted improperly in sua sponte dismissing his complaint, and that payment of the full filing fee entitled him to service of his complaint on defendants.
 
 
 7
 We reject Treff's arguments. The 1996 Prison Litigation Reform Act (PLRA) "was intended to curtail what was perceived to be the over involvement of federal courts in managing state prison systems," and "to stem the tide of frivolous prisoner suits." Hadix v. Johnson, 143 F.3d 246, 1998 WL 177343 * 4 (6th Cir.1998). The PLRA added 28 U.S.C. § 1915A, which requires a district court to "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The district court is required to dismiss a prisoner's civil complaint if it concludes it "is frivolous, malicious, or fails to state a claim upon which relief can be granted." 28 U.S.C. § 1915A(b)(1).
 
 
 8
 Because Treff satisfied the definition of "prisoner" in § 1915A(c) and he filed a civil suit against employees of a governmental entity, § 1915A(a) required the district court to conduct an initial screening of the complaint prior to service on the named defendants, notwithstanding the fact that Treff had paid the filing fee. Moreover, because the court concluded the complaint failed to state a claim upon which relief could be granted, it was required to dismiss the complaint pursuant to § 1915A(b)(1). In short, we conclude the court acted properly in dismissing the complaint without first allowing service on defendants.
 
 
 9
 As for the merits of Treff's complaint, which we review de novo, we agree that it fails to state a claim upon which relief could be granted. See McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir.1997) (referring to 28 U.S.C. § 1915A); Kidd v. Taos Ski Valley, Inc., 88 F.3d 848, 854 (10th Cir.1996) (referring to Fed.R.Civ.P. 12(b)(6)). Treff's twenty-six days of disciplinary segregation failed to encroach upon a due process liberty interest because it did not "impose[ ] atypical and significant hardship on [Treff] in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). Nor did the disciplinary confinement violate Treff's equal protection rights. Unless Treff is a member of a suspect class or a fundamental right is at stake (neither of which Treff alleged), disparate treatment need only be rationally related to a legitimate governmental purpose to satisfy the Equal Protection Clause. Riddle v. Mondragon, 83 F.3d 1197, 1207 (10th Cir.1996). Maintaining jail security is a legitimate governmental purpose, and prison officials have wide discretion to determine measures to be taken to preserve order and security in a detention facility. See Turner v. Safley, 482 U.S. 78, 84-85, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987). Determining a particular inmate (in this case Treff) has committed disciplinary infractions and imposing corresponding disciplinary segregation are certainly within that discretion and do not violate equal protection. The allegations in the complaint concerning conditions of confinement fail to demonstrate Treff was denied "the minimal civilized measures of life's necessities," or that any of the defendants acted with "deliberate indifference" to his health or safety. Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).
 
 
 10
 AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3